USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/15/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
INDIA GLOBALIZATION CAPITAL, INC., :
:
       Plaintiff/Counter-Defendant :
:
v. : 1:21:cv-01131-VEC
:
APOGEE FINANCIAL INVESTMENTS, INC., :
:
       Defendant/Counter-Plaintiff :
------------------------------------------------------------X
                                                       CONSOLIDATED CASE
------------------------------------------------------------X
APOGEE FINANCIAL INVESTMENTS, INC. :
and JOHN R. CLARKE :
:
       Consolidated Plaintiffs :
:
v. : 1:21-cv-03809-VEC
:
RAMACHANDRA MUKUNDA and :
INDIA GLOBALIZATION CAPITAL, INC. :
:
       Consolidated Defendants :
------------------------------------------------------------X

## STIPULATED PROTECTIVE ORDER

       IT IS HEREBY STIPULATED AND AGREED, by and between the parties, Indian Globalization Capital, Inc., Ramachandra Mukunda, Apogee Financial Investments, Inc., and John R. Clarke (together, the "Parties;" individually, a "Party"), through undersigned counsel, as follows:

       1.     Any Party to this Stipulated Protective Order ("Stipulated Order") may designate as "Confidential Matter" any information or document which the party in good faith believes represents or contains confidential business or personal information or trade secrets, including any personnel, performance, student, compliance, financial, marketing, technical, licensing, research

and development, compensation, professional, regulatory, medical, payroll, or otherwise personal information, documentation, or files that pertain to any Party or any Party's affiliates or subsidiaries, or any current, former, or prospective employees or agents of any Party. Any information and/or documents designated as "Confidential Matter" shall be used solely for the purposes of litigating this lawsuit and not for any other purpose, lawsuit, action, or proceeding.

2. A Party that requests information or materials from a non-party, by subpoena or otherwise, shall supply the non-party with a copy of this Stipulated Order along with the request. This Stipulated Order applies to any information or materials produced by or received from a non-party, by subpoena or otherwise, if the information or materials contain "Confidential Matter." A non-party that produces information or materials, pursuant to a subpoena or otherwise, may designate such information or materials as "Confidential Matter," and may utilize the procedures described in this Stipulated Order as if it were a "Party."

3. "Confidential Matter" shall be labeled or otherwise designated "Confidential" or the equivalent. Any confidential designation which inadvertently is omitted prior or subsequent to the entry of this Stipulated Order may be corrected by written notification to the opposing parties.

4. If any Party wishes to use or inquire into "Confidential Matter" at any deposition, the portion of the deposition transcript that relates to the "Confidential Matter" shall be designated and treated as "Confidential Matter" and shall be subject to the confidentiality/protective provisions in this Stipulated Order.

5. "Confidential Matter" (including portions of deposition transcripts) or information derived therefrom may only be disclosed or made available by the party and/or counsel receiving the "Confidential Matter" or information to "Qualified Persons," who are defined to consist of:

    (a) The trial court, the jury, and any appellate court presiding over an appeal

of this action;

    (b)    The parties to this action, including those current and former employees of each party deemed necessary to aid counsel in the prosecution and defense of this action;

    (c)    Counsel for the Parties to this action and their employees or agents, including associate attorneys, paralegals, litigation assistants, secretarial personnel, stenographic personnel, clerical personnel, and outside litigation support services, including without limitation, outside duplicating, photocopying, and/or data management services;

    (d)    Deponents, witnesses, and possible witnesses, including experts (whether or not retained to testify) and third-party deponents utilized in connection with this action;

    (e)    Mediators;

    (f)    Court reporters and/or videographers present at any hearing, deposition, or trial in this action; and

    (g)    Any other person(s) agreed to in writing by the parties.

6.    Each person other than counsel to a Party who is given access to information or documents designated as "Confidential Matter" pursuant to the terms of this Stipulated Order shall be advised that the information and/or documents are being disclosed pursuant to and subject to the terms of this Stipulated Order and may not be disclosed other than pursuant to the terms hereof.

7.    If any party receiving documents or information designated as "Confidential Matter" under this Stipulated Order objects to such designation for any or all of such items, the

following procedures shall apply:

    (a)    The non-designating party shall, within fourteen (14) days of receipt of any documents designated as "Confidential Matter," serve a written objection to the designating party's designation of "Confidential Matter" stating the grounds for the objection. The designating party shall allow fourteen (14) days to serve a response, which shall state the grounds for asserting that the information or document should be treated as "Confidential Matter." If the designating party responds to an objection and asserts the propriety of the designation, the designating party and the non-designating party shall then confer in good faith in an effort to resolve the dispute;

    (b)    If a dispute as to the designation of information or documents as "Confidential Matter" cannot be resolved by agreement between the designating party and the non-designating party, the designating party may present the dispute to the Court by letter and/or formal motion in accordance with the Local Rules of this Court and the Individual Practice Rules of the presiding judge or magistrate judge; and

    (c)    If any designation of "Confidential Matter" is disputed, all information and documents designated as "Confidential Matter" shall be treated as "Confidential Matter" under the terms of this Stipulated Order until the dispute is resolved by the Court.

8. The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the parties at or before trial.

9. If information or documents designated as "Confidential Matter" in the possession of a receiving party are subpoenaed or ordered to be produced by any court, administrative agency, legislative body, regulatory body, or any other person or organization purporting to have the authority to subpoena or to order the production of such information or data, the party to whom the subpoena or order is directed (the "subpoenaed party") shall:

    (a) immediately notify the person or entity that issued the subpoena of the existence of this Stipulated Order and provide a copy of this Stipulated Order to that person or entity;

    (b) abstain from providing or otherwise disclosing any information or documents designated as "Confidential Matter" in response to a subpoena or order until the subpoenaed party complies with sub-section (c) below;

    (c) provide, within seven (7) days of receipt of the subpoena or order, a copy of the subpoena or order to the party who produced the "Confidential Matter;"

    (d) notify all other parties within seven (7) days of the subpoenaed party's receipt of any subpoena or order that requires the subpoenaed party to produce documents or appear and testify concerning matters encompassed by this Paragraph 9; and

    (e) All parties further agree to abstain from contesting the standing of the party that produced the Confidential Matter, to move to quash such subpoena, and/or to contest such order.

10. This Stipulated Order is intended to govern the procedures for the disclosure of confidential documents, material, and information. Nothing contained in this Stipulated Order is

{00144138 }                                                       5

intended to, or shall be construed to, waive any objections to the production of any information or documents that any party may wish to assert, including but not limited to any objections on the grounds of privilege, relevance, authenticity, and/or confidentiality to any requests for discovery propounded by any other party in this action.

11. Entering into, agreeing to, and/or complying with the terms of this Stipulated Order shall not prejudice in any way the right of any party at any time to seek, in accordance with the procedures described in Paragraphs 7 and 9 herein: (a) a determination by the Court of whether any particular item or piece of information should be subject to the terms of this Stipulated Order; or (b) relief, on notice, from any provisions of this Stipulated Order, either generally or as to any particular document or piece of information. In addition, nothing contained in this Stipulated Order shall be construed to prevent any party from applying to the Court for the revision of any terms within this Stipulated Order.

12. (a) Nothing in this Stipulated Order shall require the disclosure of information or documents which are protected by the attorney-client privilege, the work product immunity, or any other privilege or immunity, and the inadvertent production of information or materials that are protected by the attorney-client privilege, the work product immunity, or any other privilege or immunity shall not operate as a waiver of such privilege or immunity. If a producing party becomes aware that it has inadvertently produced information or materials that are protected by the attorney-client privilege, the work product immunity, or any other privilege or immunity, the producing party shall notify each receiving party in writing of the inadvertent production within ten (10) days of discovery of the production of privileged information, specifying the information or materials inadvertently disclosed and the applicable privilege or immunity. Once a receiving party receives notice of the inadvertent production, the receiving party shall make reasonable efforts to retrieve

all copies of the information and materials the receiving party or its agents distributed to others and shall return all originals and copies of such inadvertently-produced material to the producing party within five (5) days after receiving such notice, and to the extent practicable, destroy any notes or summaries based on such inadvertently- produced material. Subject to section (c) of this Paragraph 12, a producing party's failure to follow the procedures in this section (a) waives the producing party's claim of privilege or immunity as to the inadvertently produced documents.

      (b)      Nothing in section (a) of this Paragraph 12 shall prevent a receiving party from challenging the propriety of the attorney-client privilege, work product immunity, or other applicable privilege designation by submitting a written or oral challenge of the designation to the Court. The producing party bears the burden of establishing the privileged nature of any inadvertently-produced information or materials pursuant to Fed. R. Civ. P. 26(c). Each receiving party shall refrain from distributing or otherwise using the inadvertently-disclosed information or materials for any purpose until the privileged status of the information or materials is agreed upon by the parties or resolved by the Court; however, a receiving party may use the inadvertently-produced information or materials solely to respond to a motion by the producing party seeking the return or destruction of such information or materials.

      (c)      If a receiving party becomes aware that it has received information or materials which it knows or reasonably should know are privileged or subject to an immunity, the receiving party or its counsel shall immediately take steps to: (A) stop reading such information or materials; (B) notify the producing party or its counsel of such information or materials; (C) collect all originals and copies of such information or materials in the receiving party's possession or control; and (D) return such information and/or materials to the producing party.

      (d)      Failure of the disclosing person or entity, including any party, to comply

with the process described in this Paragraph 12 for the return of disclosed communications covered by the attorney-client privilege or the attorney work-product protection shall preclude a disclosing person or entity, including any party, from arguing that the disclosure was inadvertent within the meaning of Federal Rule of Evidence 502 and/or FRCP Rule 26(b)(5). In any motion concerning compliance with the processes described in this Paragraph 12, the Court shall award the prevailing party his, her, or its actual attorney's fees and costs in connection with the making or defending of the motion.

13. Within sixty (60) days after the completion of this action, including all appeals, the Clerk shall return any and all "Confidential Matter" to the attorneys for each party, and the attorneys shall confer and return to the disclosing party or entity all "Confidential Matter" produced by that disclosing party or entity, and shall destroy all copies thereof within the returning party's or entity's possession, custody, or control; provided however, that the attorneys for the parties shall be entitled to retain all pleadings and litigation documents, including exhibits and their own memoranda containing "Confidential Matter," but only for the purpose of preserving a file on this action, and the attorneys for the parties shall not, without the written permission of the disclosing person or entity, disclose such "Confidential Matter" to any other person, except in accordance with the procedures of this Stipulated Order.

14. Data or materials that are without objection designated as "Confidential Matter" and data or materials subject to dispute under this Agreement may be filed in the Court under seal in accordance with the process described in Judge Caproni's Individual Practice Rules in Civil Cases.

| PILIEROMAZZA PLLC | ROTBERT BUSINESS LAW P.C. |
|---|---|
| By: /s/ Matthew Feinberg<br>Matthew Feinberg<br>Reg. 5927835<br>1001 G Street, N.W.<br>Suite 1100<br>Washington, D.C. 20001<br>Phone: 202-857-1000<br>Fax: 202-857-0200<br>mfeinberg@pilieromazza.com<br><br>*Counsel for India Globalization Capital, Inc., and Ramachandra Mukunda* | By: /s/ Mitchell J. Rotbert<br>Mitchell J. Rotbert<br>MR-0484<br>229 West 36th Street 8th Floor<br>New York, New York 10018<br>Phone: (240) 477-4778<br>Mobile (240) 600-6467<br>Fax: (888) 913-207<br>mitch@rotbertlaw.com<br><br>*Counsel for Apogee Financial Investments, Inc., and John R. Clarke* |

IT IS SO ORDERED this <u>  15  </u> day of June 2022.

_____
Hon. Valerie E. Caproni, Judge
United States District Court
for the Southern District of New York