USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/04/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
INDIA GLOBALIZATION CAPITAL, INC., :
:
                    Plaintiff, :
:    21-CV-1131 (VEC)
       -against- :
:    OPINION AND ORDER
APOGEE FINANCIAL INVESTMENTS, INC., :
:
                    Defendant. :
-------------------------------------------------------------- X

-------------------------------------------------------------- X
APOGEE FINANCIAL INVESTMENTS, INC., :
JOHN R. CLARKE, :
:
         Counterclaim-Plaintiffs, :
:
       -against- :
:
INDIA GLOBALIZATION CAPITAL, INC., :
:
         Counterclaim-Defendants. :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      India Globalization Capital, Inc. ("IGC") and Apogee Financial Investments, Inc. ("Apogee") are suing each other for breach of contract as a result of a failed business deal that was not well documented. The Court partially granted IGC's motion for summary judgment, concluding in relevant part that Apogee was entitled to only 673,846 IGC shares (the "Initial Shares") upon the transaction's initial closing, and that Apogee breached the parties' agreement (the "Purchase Agreement") by failing to use best efforts timely to secure regulatory approval of the transaction. See Opinion & Order (the "Summary Judgment Opinion"), Dkt. 103. Apogee

moved for reconsideration. *See* Def. Not. of Mot., Dkt. 104. For the following reasons, Apogee's motion is DENIED.

## DISCUSSION[1]

### I.     Legal Standard

The standard under which courts evaluate a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may be granted if the movant demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); *see also Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017) ("[A] party moving for reconsideration must set forth 'the matters or controlling decisions which counsel believes the Court has overlooked.'" (quoting Local Civil Rule 6.3)). Whether to grant a motion for reconsideration is a decision within "the sound discretion of the district court . . . ." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

A motion for reconsideration is not a party's "opportunity to put forward evidence that he could have, but failed, to provide the Court when the Court initially considered the motion." *United States v. Posada*, 206 F. Supp. 3d 866, 868 (S.D.N.Y. 2016) (internal quotation marks and citation omitted) (collecting cases). Additionally, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70

---

[1]     The Court assumes familiarity with the facts as set forth in the Summary Judgment Opinion. *See* Summary Judgment Opinion, Dkt. 103, at 2–6.

F.3d at 257.  "[N]ewly discovered evidence" can be a basis for reconsideration, but only if the evidence was not available prior to entry of the order at issue.  *Marhone v. Cassel*, No. 16-CV-4733 (NSR), 2021 WL 142278, at *2 (S.D.N.Y. Jan. 14, 2021).  "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court."  *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (citation omitted).

    II.    **Apogee's Motion for Reconsideration is Denied**

The Court concluded that there is a triable issue of fact as to whether IGC breached the Purchase Agreement governing IGC's purchase of a broker dealer ("Midtown") by issuing restricted, rather than freely tradable, Initial Shares to Apogee.  The Court also found that Apogee was entitled to only 673,846 (as opposed to 1 million) Initial Shares because Apogee failed adequately to capitalize Midtown by the December 18, 2014 deadline IGC contended was set forth in Schedule A of the Purchase Agreement.  *See* Summary Judgment Opinion at 9–15.

The Court separately concluded that Apogee breached the Purchase Agreement by not using best efforts timely to obtain approval of the parties' transaction from the Financial Industry Regulatory Authority ("FINRA") because Apogee conceded, without further explanation, that it never filed the paperwork required to obtain regulatory approval.  *Id.* at 16–18.

    A.  **Apogee Was Entitled to Only 673,846 Initial Shares**

In its motion for reconsideration, Apogee asserts that the provision of the Purchase Agreement setting its deadline to infuse $325,000 into Midtown, and thereby secure 1 million rather than 673,846 Initial Shares, is ambiguous.  *See* Def. Mem. in Supp. of Mot., Dkt. 104-1, at 2–4.  When Apogee first responded to IGC's motion for summary judgment, however, it made no such argument.  Instead, Apogee chose to ignore the very provision it now maintains should

upend the Court's decision.  *See generally* Def. Mem. in Opp., Dkt. 99.  The "unfortunate" strategic decision made by Apogee in opposing IGC's motion for summary judgment, which Apogee does not deny having made in its motion, is not news to the Court.  *See* Summary Judgment Opinion at 13 n.20 (adopting IGC's reading of the provision at issue because it was reasonable and Apogee failed to challenge it).[2]  Apogee's failure to raise a potentially winning argument does not justify reconsideration.  *See Nat'l Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (affirming the rejection of a party's argument raised for the first time in support of a motion for reconsideration); *Great Am. Ins. Co. v. Zelik*, 439 F. Supp. 3d 284, 288–89 (S.D.N.Y. 2020) (denying a motion for reconsideration in which the moving party advanced a theory of contractual interpretation "for the first time" because it "[a]pparently regret[ted]" its strategy at summary judgment; a motion for reconsideration is "not an opportunity for a losing party to examine a decision and then plug the gaps of a lost motion" (cleaned up)).

### B. Apogee Breached the Purchase Agreement by Failing to Use Best Efforts to Secure FINRA Approval

Apogee also urges the Court to reconsider its decision that Apogee breached the Purchase Agreement by failing to use best efforts to secure FINRA approval by June 30, 2015, because the Purchase Agreement merely incentivized, rather than required, Apogee to obtain regulatory approval by that date.  *See* Def. Mem. in Supp. of Mot. at 4.  Once again, Apogee improperly raises an argument that it failed to make at summary judgment.  *See generally* Def. Mem. in

---

[2]   Instead of taking responsibility for its poor strategy at summary judgment, Apogee contends that the Court overlooked the basic principle that the meaning of ambiguous contract language cannot be resolved at summary judgment.  *See* Def. Mem. in Supp. of Mot., Dkt. 104-1, at 5 (citing *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 396–97 (2d Cir. 2009)).  The Court is and was well aware of that principle; it applied that principle in resolving IGC's motion.  *See* Summary Judgment Opinion at 10.  Apogee, apparently, was not; it chose to accept IGC's interpretation of the provision without protest rather than arguing that the provision is ambiguous.  That could have been the result of poor lawyering, but it is more likely that Apogee acceded to IGC's interpretation because that interpretation reflected the intent of the parties.

Opp., Dkt. 99; *Nat'l Union Fire Ins. Co.*, 265 F.3d at 115.[3] Even if the argument had been properly raised, however, it fails on the merits. It is undisputed that Apogee never applied for FINRA approval, whether before or after June 30, 2015; the Court therefore concluded, as a matter of law, that Apogee did not use "best efforts" to obtain FINRA approval as clearly required by the contract. *See* Summary Judgment Opinion at 16–18. Quibbles over the approval deadline are beside the point.[4]

## CONCLUSION

For the foregoing reasons, Apogee's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to close the open motion at Docket Entry 104.

**SO ORDERED.**

**Date:  August 4, 2023**
       **New York, New York**

                                              _____
                                              **VALERIE CAPRONI**
                                              **United States District Judge**

---

[3] Apogee only disputed the June 30, 2015, deadline to secure FINRA approval in its counterstatement of material facts, *see* Rule 56.1 Counterstmt., Dkt. 99-1, ¶ 37, which is not the proper vehicle for legal argument, *see Emanuel v. Griffin*, No. 13-CV-1806 (JMF), 2015 WL 1379007, at *2 (S.D.N.Y. Mar. 25, 2015) (ignoring any "improper legal argument" in a Rule 56.1 Statement and collecting cases).

[4] The Purchase Agreement also states that, if FINRA approval is not obtained by June 30, 2015, the "non-breaching party" has the option to terminate the agreement. *See* Purchase Agreement, Dkt. 88-2, § 8. Apogee ignores this express reference to breach, which reinforces the Court's conclusion that Apogee breached the agreement by failing to use best efforts.